UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS

VICTOR ZELAYA-FUNEZ                          NO.: 17-00090-BAJ-RLB


RULING AND ORDER[1]

Before the Court is the **Motion to Authenticate Plea Agreement and for Pre-Trial Ruling on the Admissibility of Plea Agreement (Doc. 38)** filed by the United States seeking authorization to introduce, during its case-in-chief, the plea agreement containing the factual stipulation agreed to by Defendant, Victor Zelaya-Funez, and the supplement to the plea agreement. Defendant has filed an Opposition. (Doc. 47). A hearing on the motion was held on February 27, 2018.[2] (Doc. 49). On April 10, 2018, the Court addressed Defendant regarding the potential conflict of interest with his defense counsel's representation for this particular motion.[3] (Doc. 65). At this hearing and subsequent status conferences, both the United States and the Defendant argued that their respective opponent bore the burden of proving the

---

[1] The subject of this Ruling and Order only pertains to whether Defendant or the United States has the burden of proving an "affirmative indication" that the signed plea agreement was entered into unknowingly or involuntarily.

[2] During this hearing, it was unclear to the parties who bears the burden of proving the voluntariness of the plea agreement.

[3] As such, the Office of the Federal Public Defender was directed to appoint counsel to represent Defendant for the limited issue of the possibility of a conflict of interest on the instant motion. (Doc. 65).

elements required for the admissibility or exclusion of the plea agreement at trial. (*Id.*; Doc. 69). As such, the Court took the matter under advisement. The Court will now address the issue of the burden of proof only.

## I.    BACKGROUND

On July 12, 2017, Defendant, Victor Zelaya-Funez was charged in a two-count indictment with sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and (e), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). (Doc. 1). On December 21, 2017, at Defendant's request, the United States filed a notice of intent to plead guilty pursuant to a plea agreement. (Doc. 32). The agreement contains a written stipulation of facts and provides that if Defendant failed to plead guilty, any statements and information provided by Defendant, including the written factual basis contained in the plea agreement, the supplement to the plea agreement, and the plea agreement itself, could be used against him in this or any other prosecution. (Doc. 38-2 at p. 10). On January 9, 2018, at Defendant's subsequent re-arraignment hearing, defense counsel informed the Court that Defendant had chosen to not plead guilty. (Doc. 34). At the hearing, Defendant did not plead guilty and informed the Court that he instead wished to proceed to trial. (*Id.*). However, before the proceeding ended, the signatures appearing on the plea agreement and supplement to the plea agreement—including those of Defendant, defense counsel, Acting United States Attorney, and the Assistant United States Attorney—were authenticated on the record. (Doc. 38-3 at p. 7).

On January 25, 2018, the United States filed the instant motion seeking authorization to introduce the factual basis contained in the plea agreement, the plea

agreement itself, and the supplement to the plea agreement during the United States' case-in-chief at trial. (Doc. 38).

## II.  LEGAL STANDARD

Ordinarily, statements made by a Defendant during plea discussions are protected from evidentiary use by Rule 410(a) of the Federal Rules of Evidence and by Rule 11(f) of the Federal Rules of Criminal Procedure.[4] A criminal defendant may waive the protections of Rules 410(a) and 11(f), so long as the waiver is explicit, knowing, and voluntary, for the purpose of impeachment, and for admission in the government's case-in-chief. *United States v. Escobedo*, 757 F.3d 229, 233 (5th Cir. 2014) (citations omitted). The Supreme Court has held that "absent some affirmative indication that the agreement was entered into unknowingly or involuntarily," a signed plea agreement waiving the inadmissibility of a plea, a plea discussion, and any relevant statement is valid and enforceable. *United States v. Nelson*, 732 F.3d 504, 517 (5th Cir. 2013) (quoting *United States v. Mezzanatto*, 513 U.S. 196, 210 (1995)). Further, the government may use a defendant's statements, made during

---

[4] Rule 410(a) of the Federal Rules of Evidence, provides, as follows:

> Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:
> (1) a plea of guilty which was later withdrawn;
> (2) a plea of nolo contendere;
> (3) any statement made in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure or comparable state procedure regarding either of the foregoing pleas; or
> (4) any statement made in the course of plead discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or which result in a plea of guilty later withdrawn.

Rule 11(f) states that "[t]he admissibility or inadmissibility of a plea, a plea discussion, and any relevant statement is governed by Federal Rule of Evidence 410." Fed. R. Crim. P. 11(f).

plea negotiations, in its case-in-chief, provided that "the defendant, as a condition to engaging in negotiations with the government, knowingly and voluntarily waived all rights to object to such use." *Id.* (quoting *United States v. Sylvester*, 583 F.3d 285, 288 n. 4 (5th Cir. 2009)).

## III.   DISCUSSION

### A. Whether Defendant Knowingly and Voluntarily Waived Rules 410(a) and 11(f).

The United States argues that Defendant knowingly and voluntarily waived the protection of Rules 410(a) and 11(f) when he signed the plea agreement. Defendant argues that because he never tendered a plea of guilty, the Court never made a determination that any plea agreement by Defendant was entered into knowingly and voluntarily. (Doc. 47 at p. 3). Defendant further argues that the United States bears the burden of establishing that Defendant clearly and unambiguously waived his rights in the plea agreement. (*Id.* at p. 2).

### I.   *Burden of Proof*

The United States Court of Appeals for the Fifth Circuit construes a plea "agreement like a contract, seeking to determine the defendant's 'reasonable understanding' of the agreement and construing ambiguity against the Government." *Escobedo*, 757 F.3d at 233 (quoting *United States v. Farias*, 469 F.3d 393, 397 (5th Cir. 2006)); *accord United States v. Elashyi*, 554 F.3d 480, 501 (5th Cir. 2008) ("[A] plea agreement is construed strictly against the Government as the drafter."); *United States v. Azure*, 571 F.3d 769, 772 (8th Cir. 2009) ("The government bears the burden

of establishing that the plea agreement clearly and unambiguously waives the defendant's right[s][.]").

Here, the United States has undoubtedly met its burden to establish that the plea agreement clearly and unambiguously waives Defendant's rights. First, the United States has defined an action by Defendant that would constitute a material breach as "failing to plead guilty to Count One of the Indictment in Criminal No. 17-90-BAJ-RLB at re-arraignment." (Doc. 38-2 at p. 9). This was the precise action taken by Defendant at his re-arraignment hearing, and thus constitutes a clear and unambiguous breach of the plea agreement. Second, under the section titled "Consequences of Breach" the agreement provides:

> In the event of a breach by the defendant . . . any statements and information provided by the defendant pursuant to this agreement (or the supplement to the plea agreement) or otherwise, and any information and evidence derived therefrom, may be used against the defendant in this or any other prosecution or proceeding without limitation. Such statements and information include, but are not limited to, the plea agreement itself (including the factual basis contained in Section D), the supplement to the plea agreement . . . statements made in the course of any proceedings under Rule 11, Fed. R. Crim. P. (including the defendant's entry of the guilty plea), and statements made in the course of plea discussions. The defendant expressly and voluntarily waives the protection afforded by Fed. R. Evid. 410 as to any statements made by him personally (but not as to statements made by his counsel).

(Doc. 38-2 at p. 10). The Court finds that this language provides clear and unambiguous proof that Defendant waived his rights under Rules 410 and 11(f) because it provides that in the event of a breach the plea agreement itself, the factual basis contained therein, the supplement, and any other information or statements, even those protected by Rule 11 and Rule 410, may be used against Defendant at

trial. Further, the plea agreement provides that it becomes effective and binding upon the signature of the Defendant, his counsel, and an attorney for the United States; all of which signed the document. (Doc. 38-2 at p. 13).

Because of the presumptive admissibility of signed plea agreements that clearly and unambiguously waive a defendant's rights under Rule 11 and Rule 410, the burden shifts to Defendant to demonstrate that he did not enter into the plea agreement knowingly and voluntarily. *Mezzanatto*, 513 U.S. at 201 (the provisions of Rule 11 and Rule 410 "are presumptively waivable."). *See e.g. United States v. Jim*, 786 F.3d 802, 810 (10th Cir. 2015) (Defendant bore burden of proving that his guilty plea was not knowing and voluntary, and thus that his waiver of rights to challenge the admissibility of his plea-related statements was not admissible); *United States v. Smith*, 770 F.3d 628, 639–40 (7th Cir. 2014) (Defendant did not make a preliminary showing that his waiver was unknowing or involuntary. While raising the issue, defense counsel refused to identify any affirmative indications that Defendant's waiver of his rights was invalid); *but see United States v. Mayfield*, 361 F. App'x 425, 431 (3d Cir. 2010) (the Government bears the burden of showing, by a preponderance of the evidence, that the waiver of the protections of Rule 410 was voluntary and knowing).

The Court finds that the weight of authorities, including the guidance set forth by the Fifth Circuit, supports the proposition that the burden of proof to establish that the agreement was not entered into knowingly or voluntarily rests squarely with Defendant. *Nelson*, 732 F.3d at 517; *see also Mezzanatto*, 513 U.S. at 210. *See e.g., Sylvester*, 583 F.3d at 290 ("absent specific evidence that the agreement was entered

into unknowing or involuntarily, courts cannot infer abuse of prosecutorial bargaining power.").

## IV. CONCLUSION

Accordingly,

Regarding the **Motion to Authenticate Plea Agreement and for Pre-Trial Ruling on the Admissibility of Plea Agreement (Doc. 38)**, the evidence indicates (1) that the plea agreement was breached, and (2) that the signatures appearing on the plea agreement and supplement to the plea agreement were properly authenticated on the record. As noted, under the law of this Circuit, the burden of proof regarding the admissibility of the plea agreement at trial has been shifted to Defendant to demonstrate that he entered into the agreement involuntarily and without sufficient knowledge of its contents.

**IT IS ORDERED** that a hearing on the instant motion is set for <u>May 1, 2018</u>, at 2:00 PM in Courtroom 2 before Chief Judge Brian A. Jackson.

Baton Rouge, Louisiana, this 23rd day of April, 2018.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA